

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Affirmed by*
*R-1704*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2351
Re: Assessment of the Texas
Inheritance Tax against
the estate of a decedent
when he devised all of
his property to his wife
and gave her full power
to sell, convey and dis-
pose of the same and fur-
ther provided that if up-
on his wife's death any
of the property remained
in her possession the
same should pass to his
daughter.

We are in receipt of your letter of June 14, 1940, in which you request the opinion of this department as to the proper manner of assessment of the inheritance tax against the estate of Frank G. Pettibone. The will executed by Mr. Pettibone reads, in part, as follows:

"SECOND:- I give, devise and bequeath unto my wife, Mary Pettibone, all of my prop-erty, real, personal and mixed, and whereso-ever situated, of every sort and description, with full power to sell and convey and dis-pose of same, or any party thereof, as she may desire, and at any time and in such manner and upon such terms as she may elect, and with full power in the premises to convey the abso-lute fee simple title thereto.

Honorable George H. Sheppard, Page 2

"THIRD:- It is my will and desire that upon the death of my beloved wife, Mary Pettibone, should there remain any of said property in her possession not disposed of or used by her, such remaining property shall pass to and become the property of my daughter, Mary Lednum Poole, now of New York, New York."

There can be no question but that if paragraph "Second" had been alone included in the will and paragraph "Third" had been omitted, the wife of the deceased would have gotten fee simple title to all of the property. However paragraph "Third" reserves in the daughter the right to receive all of the property that the decedent devised to his wife which will remain at the death of his wife. The validity of a devise such as in this will has long been recognized by the courts of this State.

The will that was construed by the Supreme Court of Texas in the case of McMurray, et al v. Stanley, et al, 6 S. W. 412, was quite similar to the will in the present case. The only difference between the Bagley will in that case and the Pettibone will in this case is that the Bagley will provided that all of the property should go to the surviving spouse who should have full power and control over the same to use or dispose of. However, the testatrix further stated that it was her will and desire that if any of the property was remaining in her husband's possession at his death that he should then give the same to the two nieces of the testatrix. The court stated as follows:

". . . We are of the opinion that N. G. Bagley took under the will an estate in fee in the entire property, but that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his lifetime, which was given by the express terms of the will."

The court upheld the validity of the will and stated as follows:

Honorable George K. Sheppard, Page 3

". . . We know of no inflexible rule of
law forbidding Mrs. Bagley to so dispose of her
property by will as to vest the entire legal
estate in her husband, with power to him to use
or dispose of any or all of it during his life-
time, even for his own benefit, and at the same
time to vest an equitable estate in what might
remain at his death in her nieces, and to con-
fer upon her husband the power, and to make it
his duty by will or otherwise, to vest the legal
estate in such remaining property at his death
in them. . ."

The court further stated;

". . . If Mrs. Bagley had provided in ex-
press terms, in her will, that the part of her
estate remaining at the time of her husband's
death should go to the persons named in the
fourth paragraph, then a legal estate therein
would have vested in them under the will; but
this she did not. . ."

The type of will referred to by the court in this last sen-
tence is one such as executed by Mr. Pettibone.

The McMurray case is authority for the proposition
that the will executed by Mr. Pettibone is a valid one and
one that should be followed in all its details and enforced
by the courts of this State if necessary. However, in so
doing the court commented upon the particular right of the
remainder and stated as follows;

". . . If the plaintiffs had attempted to
show, at some time prior to the death of N. G.
Bagley, to what property their ultimate and
beneficial right would attach, with a view to
enforce some supposed right, it would doubtless
have been held that the subject to which such
trust would so attach was then too uncertain;
for N. G. Bagley had, under the will, up to the
very time of his death, power to defeat their
right to any particular part of the property. . ."

Honorable George H. Sheppard, Page 4

Having determined the validity of the devise to both the wife and the daughter in the will in question it becomes necessary next to consider the value of each estate or interest in the property for purposes of the Texas Inheritance Tax. Article 7117 of the Revised Civil Statutes provides as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration. Acts 1923, 2nd C. S., p. 63; Acts 1929, 41st Leg. 1st C.S. p. 109, ch. 50, § 1; Acts 1939, 46th Leg., H. B. 990, § 1."

Honorable George H. Sheppard, page 5

Article 7123 of the Revised Civil Statutes reads
as follows:

"If the property passing as aforesaid
shall be divided into two or more estates, as
an estate for years or for life and a remainder,
the tax shall be levied on each estate or in-
terest separately, according to the value of the
same at the death of the decedent. The value of
estates for years, estates for life, remainders
and annuities, shall be determined by the 'Actu-
aries Combined Experience Tables,' at four per
cent compound interest." (Underlining ours)

As we have previously stated the wife and daughter
both have some sort of an estate or interest in the property
of the decedent. In following the mandate of the statute
that the tax be levied against each estate or interest accord-
ing to the value of the same it is necessary that we determine
the value of the two estates or interests. The Supreme Court
of Texas in the case of Hanna v. Ladewig, 11 S. W. 133, in an
opinion written by Chief Justice Stayton, considered a will
which was very similar to the one in this case. The court
stated that it would assume the most favorable position for
the appellants and thereby assume that under the will the
wife took only a life estate in her husband's property with
absolute power to dispose of it during her life by deed. The
court then discussed the rights of the remainderman, and
stated as follows:

". . . Appellants do not stand as credit-
ors, or persons having fixed rights in the
property, not to be divested, unless by a con-
veyance made on valuable consideration Mrs.
Hinkly felt compelled for her own support, or
any other reason, to sell it. Whether they
should ever receive or become entitled to the
property Walter Hinkly made dependent on the
relation, pleasure, and act of his wife, who
was the mother of the persons who were to take
if the wife did not execute the power conferred
on her. Speculation as to why he conferred on
her such a power would be unprofitable, but it
is likely that he felt he could safely intrust
to the mother a power in the non-exercise of

698

Honorable George H. Sheppard, page 6

which her own children were interested. She
having exercised the power conferred upon her,
through whatsoever motive, or upon whatsoever
consideration, their contingent right was for-
ever cut off, when it was once exercised; and
the fact that the property was reconveyed to
her is a matter of no importance."

Attorneys for the estate cite the case of Caples
v. Ward, 179 S. W. 856, by the Supreme Court of Texas for
the authority that the remainder here was a vested remainder.
The will under consideration in that case was somewhat dif-
ferent from that being considered in this opinion, but aside
from that fact, it cannot be denied but that the Supreme Court
of Texas recognized that whatever right the remaindermen had
was based on a mere contingency. The court stated as follows:

"Whether there will be any of the estate
remaining under the exercise of the power pre-
sents a contingency, it is true. But under
the will the vesting of the interest of Joseph
Caples, and the other remaindermen, is not made
dependent upon that contingency. It is not a
condition precedent to the vesting of his in-
terest, but only a condition subsequent, which
may affect the amount of his interest, or de-
feat its enjoyment. An estate limited upon a
contingency, to which the effect of a condition
subsequent only is given, vests at once, subject
to be divested upon the happening of the contin-
gency. . ."

The nature of the particular interest of the re-
maindermen in such a case as the present one was discussed
by the Beaumont Court of Civil Appeals in the case of Norton
v. Smith, 227 S. W. 542. The court stated as follows:

". . . Mrs. Rains, as we have shown, took
title in fee to all property devised to her by
her husband, George P. Rains, and, under the ex-
press provisions of the will, had the absolute
right of disposition of same, and no interest,
under the terms of the will, was vested in the
appellants, but their interest therein depended

Honorable George H. Sheppard, page 7

> upon the condition that such property so de-
> vised to Mrs. Rains should not be disposed of
> by her in the exercise of her rights and powers
> under the will. As we have stated, Mrs. Rains,
> under the will, took title in fee to all the
> property devised to her, with the conditional
> limitation that so much of same as might not
> be disposed of and should be owned by her at the
> time of her death should be shared in to the ex-
> tent of one-half by the members of the testator's
> family. Mrs. Rains having, during her lifetime,
> exercised the right and power expressly conferred
> upon her by the will to sell and dispose of the
> property thereby devised, its proceeds cannot be
> followed and claimed by the appellants in this
> case, whose interest therein was dependent upon
> the condition that Mrs. Rains should not dispose
> of such property during her lifetime. . ." (Un-
> derlining ours)

By way of summary it is apparent that all the courts of this State recognize that in such a case as the present one the daughter does have an interest or estate of some sort in the property but that the same rests upon a mere contingency and is subject to being divested at any-time.

Attorneys for the estate contend that for inherit-ance tax purposes in this case the value attached to the estate of the wife is the value of a simple life estate in the property. To do so would be to ignore the plain facts of the case. On August 1, 1931, Assistant Attorney General F. O. McKinsey wrote an opinion addressed to George H. Shep-pard in which the proposition under consideration in this opinion was discussed. After quoting the applicable stat-utes, Judge McKinsey stated as follows:

> "It will be noted that in case property
> is divided into two or more estates 'the tax
> shall be levied on each estate or interest
> separately, according to the value of the same
> at the death of the decedent.' A rule is then
> given for computing the value of pure life
> estates and other estates for years.

Honorable George H. Sheppard, page 8

"While the right of disposition may not come within the definition of any defined estate, yet, unquestionably, it is an 'interest' in the land such as is covered and contemplated in the terms of the statute above quoted. Mrs. Cooke took, under the will, a life estate in testator's lands plus 'the unrestricted right to sell, alienate and dispose of in any manner she may see fit' any and all real property disposed of by his will, excepting the four sections named.

"It is my opinion, and I so advise, that her estate should be charged, not only with the value of her life estate in all the lands, but, also, with the fair and reasonable value of her right to sell and convey said lands with the implied right to own and appropriate the proceeds. This embraces every right of absolute ownership, excepting the right to dispose of said lands by will or to have same pass to her heirs by descent.

"To the ordinary person, such a right would be worth the market value of the lands, for, on the assumption that every person, looking to his own self-interests, will do that which best subserves his personal interests, the ordinary person, therefore, would exercise his right and sell the lands in his lifetime and appropriate the proceeds, which he would have the clear legal right to do.

"A life estate involves the right of the life tenant to occupy, use and enjoy a landed estate, including the right to rent the same and appropriate the rentals. In valuing such life estate, the law assumes that the life tenant will avail himself of all the rights and privileges granted; and, hence, in determining such value, the law takes into consideration the value of all such rights as if fully exercised. In other words, the law assumes that a life tenant will avail himself of every right and privilege in order to promote his self-interests.

"By analogy, I submit that it may well be assumed in this case that the life tenant, Mrs. Cooke,

Honorable George H. Sheppard, Page 9

will avail herself of the right to sell and dispose of the lands in question in her lifetime and that, therefore, her estate should be taxed with the full value of said lands at the death of the testator.

"It occurs to me that this would more likely attain the ends of justice than would be done by taxing the estate of the remaindermen with the full value of the estate in remainder, when, in all probability, their interest in said lands will be defeated by the sale of same by the life tenant, in which event they would be paying taxes on an estate which they never receive."

It is the opinion of this department that the correct rule of law to be applied was announced in this opinion of Judge McKinsey. Under our statutes the value of the different estates or interests are to be assessed as of the date of the death of the decedent. As of such date, the wife in the Pettibone will took an interest or estate in the property of the decedent which unquestionably gave her the full value of all the property devised. It is our opinion that the estate or interest of the daughter has no present value for inheritance tax purposes in that the same would be no more than an expectancy of future possession. To assess and collect a tax against the estate or interest of the daughter would be to collect a tax against an interest that may never come into being. On the other hand to collect the tax against the estate of the mother as if the same is only a life estate would not be to assess the tax against that estate at its present full value.

In this connection we have considered the opinion of the United States Board of Tax Appeals in the matter of the Estate of Carrie L. Jones submitted to us by the attorneys for the estate. We find nothing in that opinion contrary to the position we are taking herein. In that case the court recognized the validity of a will and its provisions which were very similar to the will in question in this case. In that case the husband died first and left the property to the wife to use or dispose of and if any of the same remained to go at her death to the daughter. The court held that when the wife died the property passed to the daughter under the will of the husband and that therefore the same was not taxable.

Honorable George H. Sheppard, Page 10

The case does not involve a situation of an inheritance tax or an estate tax being assessed against the various interests or estates as of the time of the death of the husband.

The conclusion we have announced has previously been stated by the courts of the State of New York on at least two occasions. In the case of In Re: Bergens Estate, 283 New York Supplement 549, the court was considering a will which left a life estate in the entire remainder to the widow with power to use the whole or any part for her support and maintenance in the event that the income derived therefrom should not in her opinion be sufficient for that purpose. The value of the property which had been left by the decedent was $16,340.33. The State Tax Officials taxed the value of the wife's estate at $4,886.00. When the wife died, the officials attempted to tax the party who was the remainderman in the original will of the husband on the value of the property thus passing to said remainderman. The court stated as follows:

"The position of the estate in brief, is that the interest of the widow under the will was a base fee and that she was therefore properly taxable in 1915 on the entire remainder of the estate. This contention appears to be wholly sound. . . True, the appraiser, in 1915, erred in his determination of the value of the life estate with power to consume, since it should have been fixed at $16,340.33 and not at $4,886.00."

In other words, the court stated that at the time of the death of the original decedent, even though the wife got only a life estate with the power to dispose of the property, she had gotten full value and the tax should have been assessed against her estate at the full value of the property.

In the case of In Re: Post's Estate, 160 New York Supplement 684, the court was confronted with the same proposition. In referring to the estate that was transferred to the widow upon the death of decedent, and in holding that the same should be taxed at the full value of the property, the court stated as follows:

Honorable George H. Sheppard, Page 11

"It is transferred to her under the dece-
dent's will and the State imposes a tax upon the
value of the property transferred. There is no
authority in the tax law for assessing a tax up-
on the value of her life estate in the residuary,
because that is not the interest transferred to
her by the will of the decedent. She is entitled,
not only to the income from the residuary during
her life, but also to the principal. . ."

It is the opinion of this department that the rule
announced in the two New York cases quoted from and the reason-
ing used therein is correct. It is our opinion therefore that
the estate of Mrs. Pettibone should be taxed at the full value
of the property and the estate of the daughter, in that it has
no present value for inheritance tax purposes, is therefore not
taxable.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:ew

APPROVED JUL 25, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN